FILED IN CHAMBERS

MAY 31 2013

James N. Hatten, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RIGOBERTO GARCIA JAIMES, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:03-CR-0493-ODE-AJB-15 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-0981-ODE-AJB |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion challenging his convictions under the above criminal docket number, (Doc. 2478); the Magistrate Judge's Final Report and Recommendation, which recommends that the motion be dismissed as successive, (Doc. 2479); Movant's motion for an extension of time in which to file objections, (Doc. 2481); and Movant's objections, (Doc. 2482).

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge,"

AO 72A
(Rev.8/82)

28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).  See Thomas v. Arn, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)(C)] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

I.   **Discussion**

The Magistrate Judge has recommended that Movant's § 2255 motion be dismissed as successive under § 2255(h) and that a certificate of appealability be denied. (Doc. 2479.) Movant objects that the Magistrate Judge did not consider § 2255(f) or recommend forwarding his motion to the Eleventh Circuit Court of Appeals. (Doc. 2482 at 1-2.) Movant asserts that his claims are based on Missouri v. Frye, __ U.S. __, __, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376 (2012), decided in March 2012, and that to avoid timeliness concerns his motion should be transferred to the Eleventh Circuit Court of Appeals as an application to file a successive petition. (Doc. 2482 at 2.)

Consideration of § 2255(f) by the Magistrate Judge was unnecessary because § 2255(f) governs the timeliness of a § 2255 motion and does not obviate the

requirement that Movant must get permission from the Eleventh Circuit Court of Appeals to file a successive petition. Further, transfer to the Eleventh Circuit Court of Appeals is unwarranted because that court already has determined that <u>Frye</u> and <u>Lafner</u> do not present new rules of constitutional law that warrant permission to file a successive petition. <u>In re Perez</u>, 682 F.3d 930, 932-33 (11th Cir. 2012) (discussing application of 28 U.S.C. § 2255(h)(2)). Movant's objections are due to be overruled.

## II. Conclusion

For good cause shown, Movant's motion for an extension of time in which to file objections, (Doc. 2481), is **GRANTED**.

**IT IS ORDERED** that Movant's objections, (Doc. 2482), are **OVERRULED** and that the Magistrate Judge's Final Report and Recommendation, (Doc. No. 2479), is **ADOPTED** as the Order of the Court.

**IT IS ORDERED** that Movant's § 2255 motion, (Doc. 2478), is **DISMISSED** as successive and that a certificate of appealability is **DENIED**.

**IT IS SO ORDERED** this _31_ day of May, 2013.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)